## N. Y. SUPERIOR COURT.

GEORGE KUHN and another, agt. JOHN W. STEVENS and another, executors.

Until breach, a contract under seal cannot be discharged or even modified by parol.

In the case of a contract for the delivery of a quantity of cord wood, in which the party engaging to deliver reserved until February 1st, 1867, for performance; until such date the contract is still unexecuted and upon it no right of action arises for non-delivery until the time stipulated for arrives. A subsequent parol agreement made in November, 1866, and before there has has been a failure to perform under the first contract, though fully executed, cannot discharge the first agreement. Evidence of such subsequent parol agreement is inadmissible under the case stated, to discharge the first agreement.

*Argued December* 10, 1868.

*Decided December* 31, 1868.

*Before Chief Justice* ROBERTSON, MONELL *and* McCUNN, *Justices.*

THE case came up on appeal from a judgment rendered on a verdict on a case made containing exceptions, and also on an appeal from an order refusing to grant a new trial.

The action was to recover damages for the breach of a written contract under seal, made by the defendants' testator. It was shown that in March, 1866, the testator agreed to sell and deliver to the plaintiffs between the first day of April, 1866, and the first day of February, 1867, 7,000 cords of pine wood.

The complaint alleged non-performance by the testator in his life time, and by the defendants, his executors since his death.

The defense was that after the death of the testator, and about November, 1866, the plaintiffs and defendants agreed by parol, that the defendants should deliver to the plaintiffs all the wood then cut and lying on the Baker farm, and that the

first agreement must be cancelled in respect to the balance of the wood agreed to be delivered by such agreement, and that the defendants should not deliver nor the plaintiff pay for the same.

That under the last mentioned agreement the defendants delivered to the plaintiffs all the wood, so cut and lying on said farm. On the trial the plaintiffs objected to any evidence in support of the defense. The objections were overruled and the defendants were allowed to prove the second parol agreement, and the justice refused to charge the jury that a sealed executory agreement could not be released or recovered by a parol agreement, but did charge that if the jury found that the plaintiffs agreed, although by parol, to receive all their wood then cut, and to cancel the contract, they must render a verdict for the defendants. The plaintiffs excepted to the admission of the evidence, and also to the charge and refusal to charge.

DENNIS MCMAHON, *for plaintiffs, appellants.*

I. Up to the time of the parol agreement, wherein it is alleged, that the plaintiffs agreed to accept a delivery of all the wood on the Baker farm in satisfaction of the balance of the 7,000 cords not delivered by the defendants' testator in his life time, no breach of the sealed contract had taken place, for the testator had until February, 1867, to make his deliveries. The alleged parol agreement of discharge was made November 1st, 1866. Then up to this latter period no breach in the contract had taken place. It was, therefore, in full force and effect.

II. If that be so, then the learned judge below erred in allowing the evidence to be introduced by the defendants below, as to the alleged agreement of accord and satisfaction.

(a.) The agreement in question between the appellants, and the defendants' testator was a sealed instrument which

could not before breach be discharged by a subsequent parol contract. (*Mitchell* agt. *Hawley*, 4 *Denio*, 414; *Dewey* agt. *Derby*, 20 *Johns*. 462; *Keeler* agt. *Salisbury*, 27 *Barb*. 485.)

(*b*.) A verbal agreement to accept a future delivery of goods in satisfaction of a debt created by a sealed instrument, is no defense to an action brought upon the latter. (*Lawrence* agt. *Woods*, 4 *Bosw*. 354.)

(*c*.) A sealed executory agreement cannot be released or rescinded by a parol executory agreement. (*Delacroix* agt. *Buckley*, 15 *Wend*. 71.)

III. There was no consideration to support the subsequent parol understanding, and evidence of it was improperly admitted on the trial below.

HENRY NICHOLL, *for defendants, respondents.*

I. There was a clear waiver on the part of the plaintiffs of performance by the defendants, of so much of the contract as required an additional quantity of wood to be cut on the Baker farm, in case what had already been cut, and which was lying there, did not amount to the 7,000 cords agreed to be delivered under the contract.

By the plaintiffs' acts the defendants were prevented from taking the necessary measures to have the remainder of the wood cut and delivered, the plaintiffs cannot therefore now call upon the defendants to perform.

And this is the rule whether the contract be a specialty or by parol. (*Flemings* agt. *Gilbert*, 3 *Johns*. R. 528, and cases cited; *Dewey* agt. *Derby*, 20 *Johns*. 462; *Dearborn* agt. *Cross*, 7 *Cow*. 48.)

II. The doctrine of these cases is in no way inconsistent withholding, that a sealed instrument cannot be waived or discharged by a parol executory contract.

So far from being so it will be found on examining the cases reported in this state, which illustrate the latter prin-

ciple, that they confirm and approve of the decisions already cited.

*By the court,* MONELL, J.    The distinction between the obligation of an executory contract under seal, and a liability for damages for a breach of any of its stipulations is so clearly defined, and the authorities so carefully collected in *Clough* agt. *Murray* (3 *Robt.* 7), that it is only necessary to apply the principles of such distinction to the facts of this case.

It is clearly established by these authorities that until a breach, a contract under seal, cannot be discharged or even modified by parol.

By the terms of the contract between the plaintiffs and the defendants' testator, the defendants had, until the first day of February, 1867, for performance.    There could, therefore, be no breach of the contract until the expiration of that time.

The agreement which it was claimed was an extinguishment discharge or satisfaction of the first contract, was made in November, 1866, and before there has been any failure to perform the first contract.

The latter, therefore, was still an unexecuted contract upon which no right of action has arisen, for the recovery of damages or otherwise, and could not be discharged or modified by a parol agreement, notwithstanding such parol agreement was fully executed.

I am of opinion that the evidence of the parol agreement was improperly admitted.

There must, therefore, be a new trial, with costs to the appellants to abide the event.

Judgment and order set aside, and new trial ordered accordingly.